OTTO E. LINDBURG, APPELLEE, v. ELMER J. LAMB ET AL., APPELLANTS.

FILED OCTOBER 4, 1919. No. 20585.

1. **Fraud: REPRESENTATIONS AFTER SALE.** Representations made by a seller after the consummation of a contract of sale are incompetent as independent evidence of fraud inducing the purchaser to enter into the contract.

2. **———: EVIDENCE.** If the contract is conditioned upon the performance of certain things by the seller within a specified time, and within such time such performance is being considered by the parties, representations then made by the seller, intended to prevent suspicion of prior fraud inducing the contract and to induce the purchaser to consummate the contract, may be competent as evidence of fraud in an action by the purchaser for damages.

APPEAL from the district court for Lancaster county: FREDERICK E. SHEPHERD, JUDGE. *Affirmed.*

*Peterson & Devoe,* for appellants.

*contra.*

*George A. Adams, T. F. A. Williams* and *Clark Jeary,* SEDGWICK, J.

A judgment against these defendants for misrepresentation in the sale of some of the same stock was affirmed in *Redfield v. Lamb, ante,* p. 410. The evidence as to representation is substantially the same in both cases. In the case at bar but one question is presented which was not involved in the former case. It is con-

tended that the court erred in admitting evidence of representations which were made after the contract was entered into. The contract was in writing, entered into in November, 1914, and the evidence complained of related to occurrences in the succeeding month of March. As a general proposition representations made by a seller after the consummation of a contract of sale could not have been relied upon by the purchaser in entering into the contract. This contract by its terms was conditional. It provided:

"That in case the said powder company shall increase its present capital, * * * said O. E. Lindburg will take charge of this serum plant and the present business at a salary, etc. * * * O. E. Lindburg agrees to subscribe for $4,000 stock in said company $1,000 to be paid in cash when the stock is issued and $3,000 in note payable $41.66 per month, with interest at the rate of 6 per cent. payable annually. * * * If the Farmers Hog & Cattle Powder Company do not make the above mentioned arrangements within six months from date then this contract shall be null and void."

Within the six months a meeting of those interested was held to ascertain whether the "above-mentioned arrangements" had been made in accordance with the understanding of the parties. At that meeting representations were made as to the financial and other conditions of the company, and these representations were received in evidence over the objection of the defendants. Thus it appears that the contract in question in this case was not complete and enforceable against this plaintiff before this meeting was held. If he had discovered the fraud of which he now complains, he would not willingly have completed the contract, and could not have been compelled to do so. Relying upon the representations made at this meeting, as well as former statements of defendants, he paid $1,000 as first payment for the stock in question, and in other respects con-

summated the contract.   The evidence complained of was properly received.

The judgment is

AFFIRMED.

CORNISH, J., concurring.

I have concurred in this opinion.   I think it proper to add that the reader must not interpret the first paragraph of the syllabus as holding that representations made after a sale are never admissible as evidencing knowledge, intent or design on the part of the vendor. Of course, representations made after the sale could not have been an inducement to the purchase; but the false representation, repeated after the sale, for the purpose of lulling the purchaser into a sense of security, and to carry out and make more effectual the original plan or design, may well be .evidence to show fraudulent intent on the part of the vendor in making the original false representation which induced the purchase.   In fact, a repetition of the falsehood, made .under circumstances where the person would be expected to tell the truth, renders it more likely that he made the false representation in the first instance.   In this case our holding could well be based on the ground, not that the contract had not yet been fully executed when the false representation was repeated, but upon the ground that the repetition of the falsehood, under the circumstances when it was made, is itself evidence, making it more probable that the representation was made at the time alleged, and with fraudulent intent.